**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TARANNUM ARSHAD,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12818–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Tarannum Arshad's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition). (ECF No. 3.)

1. Petitioner is a noncitizen presently in the custody of Immigration and Customs Enforcement (ICE). (*Id.* ¶ 2.)[1] She entered the United States on August 19, 2000. (*Id.* ¶ 19.)

2. She has a Form I–130 Petition for Alien Relative pending with U.S. Citizenship and Immigration Services (USCIS), which would enable her to file for an adjustment of status. (*Id.* ¶ 22.)

3. ICE issued petitioner a notice to appear on June 14, 2004. (ECF No. 5–2 p. 1.)

4. On February 9, 2010, an immigration judge ordered petitioner removed. (ECF No. 5–3 p. 1.) The judge granted withholding of removal to Qatar. (*Id.*)

5. Petitioner was detained by ICE on September 10, 2026. (ECF No. 3 ¶ 23.)

6. Petitioner filed her first habeas corpus petition on September 11, 2026. *Arshad v. Tsoukaris*, No. 26–cv–11876 (D.N.J. filed Sept. 11, 2026) (First Petition). She argued that she was being unlawfully detained pursuant to 8 U.S.C. § 1225(b). (First Petition, ECF No. 1 ¶ 56.)

[1] Petitioner was born in Qatar but denies that she has Qatari citizenship. (ECF No. 3 ¶ 18.)

7. She subsequently filed a motion asking for immediate release because she was not receiving prescribed medications. (First Petition, ECF No. 6.)

8. I denied the First Petition and motion on September 28, 2026. First Petition, ECF No. 11.) I concluded that petitioner had "not made an initial showing in this matter that her removal is not likely in the reasonably foreseeable future or that her continued detention would violate [her] due process rights." (*Id.* ¶ 13.)

9. I further concluded that she had not shown that release was not warranted based on her medical care claim. (*Id.* ¶17.)

10. The Second Petition was filed on October 1, 2026. (ECF No. 3.)[2]

11. Petitioner now argues that there is no significant likelihood of removal in the reasonably foreseeable future and that she is being denied necessary medical care. (ECF No. 3 ¶ 37.)

12. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

13. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

14. Petitioner was ordered removed on February 9, 2010. (ECF No. 5–3 p. 1.) Petitioner did not appeal that order, so her removal order became administratively final on March 11, 2010. 8 C.F.R. § 1241.1(c). The removal period—during which petitioner's detention was mandatory—expired on May 10, 2010.

---

[2] The Second Petition is an amended version of a petition filed on September 29, 2026. (ECF No. 1.)

15. ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

16. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

17. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

18. I conclude that petitioner has made an initial showing that her removal is not reasonably foreseeable.

19. Petitioner was granted withholding of removal to Qatar. (ECF No. 5–3 p. 1.)

20. "If [a noncitizen] is granted withholding-only relief, [ICE] may not remove the [noncitizen] to the country designated in the removal order unless the order of withholding is terminated." *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021). "But because withholding of removal is a form of country specific relief, nothing prevents [ICE] from removing [the noncitizen] to a third country other than the country to which removal has been withheld or deferred." *Id.* at 531–32 (internal citation and quotation marks omitted).

21. Since petitioner cannot be removed to Qatar, respondents must find another country that will accept her.

22. Petitioner has asserted that there is no indication that ICE has arranged for her removal to a different country. (ECF No. 3 ¶ 37.) I conclude this satisfies petitioner's initial burden. *See Romero-Roblejo v. Oddo*, 26-cv-01596, 2026 WL 3166524, at *2 (W.D. Pa. Oct. 22, 2026) (citing cases where courts "found that 'good reason' was provided if the petitioner was unable to be removed to his home country and demonstrated that there was no third country option currently available.")

23. Respondents assert that "ICE reports that they are actively attempting to obtain travel documents to Bangl[a]desh for [p]etitioner, although they report delays caused by [p]etitioner not providing her passport or returning a completed Bangl[a]desh travel document application." (ECF No. 12 p. 1.)

24. No immigration officials have submitted declarations or certifications to support these statements. (*See generally* ECF No. 12.) Moreover, it is unclear how petitioner is supposed to provide her passport given that she is presently detained.

25. In short, respondents have not produced evidence that petitioner's removal is reasonably foreseeable. *See Miguel-Henriquez v. Blanche*, No. 26–cv–08907, 2026 WL 2859324, at *2 (D.N.J. Sept. 23, 2026) ("Respondents do not identify a third country that has agreed to accept [p]etitioner, any travel document issued by such country, any pending request for such documentation, or any concrete removal date or other evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future.")

26. Therefore, I will grant the Second Petition and order that petitioner be released on reasonable conditions of supervision as ICE is authorized by law to impose. 8 U.S.C. § 1231(a)(3).[3]

Accordingly,

**IT IS** on this **26th** day of **October 2026** **ORDERED** that:

1. The Second Petition at ECF No. 3 is **GRANTED**.

2. Within **48 hours** of this Order, respondents shall **RELEASE** petitioner subject to reasonable conditions of supervision as authorized by law, 8 U.S.C. § 1231(a)(3).

---

[3] As I am ordering petitioner's release, I need not reach her denial of medical care claims.

3. Upon release, any restrictions imposed by this Court on petitioner's location are **LIFTED**.

4. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**